USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/08

STOCKSCHLAEDER,
McDONALD & SULES

ATTORNEYS AT LAW

RICHARD T. SULES ✧

JOHN B. MCDONALD, JR., OF COUNSEL ✧     ✧ ALSO ADMITTED IN NEW JERSEY
GAIL S. KARAN ✧
NICOLE R. KILBURG ✧
ROGER E. MUMFORD

161 WILLIAM STREET, 19TH FLOOR, NEW YORK, NEW YORK 10038 • WWW.SMSPCNY.COM
TELEPHONE (212) 608-1911 • FACSIMILE (212) 608-2121

July 15, 2008

MEMO ENDORSED

Hon. Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED JUL 16 2008

    Re:    Carroll v. Mathews
          Docket Number: 07CIV9589
          Grace v. Mathews
          Docket Number: 08CIV1889

Honorable Sir:

    I submit this letter in response to the letter dated July 8th, 2008 from John O'Halloran, Esq., attorney for plaintiff Sean Carroll in regard to the above matter. Mr. O'Halloran seeks discovery of papers sent by Defendant Mathews to his insurance company as a result of this claim. Defendant objects to the discovery as the material was prepared in anticipation of litigation and is therefore not discoverable under FRCP Rule 26(b)(3)(A).

    The request arises out of a response to a question posed to the defendant at his deposition. The defendant was asked if he ever filled out any written statements to any insurance carrier describing how the accident happened. (Mathews deposition p. 25, lines 3-6). Defendant asked, "For the purposes of the claim?" and Mr. O'Halloran answered, "Exactly, right." (Mathews deposition p. 25, lines 7-8). The defendant responded that he filled out papers to State Farm (his insurance carrier). (Mathews deposition p. 25, line 9). The defendant stated that he did not recall when he made the report. (Mathews deposition p. 25, lines 13-15). He sent it to the company and did not keep a copy. (Mathews deposition p. 25, lines 18-24). See, Mathews Deposition, p. 25, attached hereto as Exhibit "A".

[Handwritten memo endorsement, partially legible: Mathews is directed to ... produce on or before July 31 ... for in camera inspection by the Court ... does ... requested by Carroll ... withhold on grounds ... the work product privilege ... So ordered. s/ Sidney H. Stein 7/17/08]

Clearly, the discovery sought by plaintiff falls squarely within the applicable Rule holding that it is not discoverable. The rule itself specifically contemplates reports to an insurance company. FRCP Rule 26(b)(3)(A) sets forth as follows:

(3) Trial Preparation: Materials.

(A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Even in a diversity case, the work-product doctrine enunciated in the Rule is governed by Federal law as a matter of procedure. Whitaker v. Davis, 45 F.R.D. 270, 12 Fed.R.Serv.2d 855, (W.D.Mo., 1968). It is well settled that reports of an accident by an insured to an insurance company fall within the purview of this Rule.

In the instant case, the defendant stated in sworn testimony that the statement to the carrier was for the purposes of the claim. There is no question that such a statement is made in anticipation of litigation. The courts have held that it is perceptually and logically implausible that an insured's statement, which is taken as a consequence of an occurrence which has engaged his insurance coverage, could be for a purpose other than anticipated litigation. Banks v. Wilson, 151 F.R.D. 109, 28 Fed.R.Serv.3d 245, (D.Minn.,1993). In Banks, the court held that the party seeking the discovery has the burden of demonstrating either: 1. that the statement was not prepared in anticipation of litigation or for trial, or, 2. that a substantial need exists for the statement in the preparation of their case, and they are unable to obtain the substantial equivalent of the statement by other means without undue hardship. Plaintiff fails on both counts.

In Carson v. Mar-Tee Inc., 165 F.R.D. 48 (E.D.Pa.,1996), the court held that a statement made by a defendant to his insurance carrier about a rear end collision was not discoverable by plaintiff. The court further held that plaintiff did not demonstrate undue hardship by merely making the allegation that the report may contain valuable impeachment material, as Mr. O'Halloran similarly makes in the case at hand. Mr. O'Halloran also claims that the report was prepared "immediately after the accident" and is discoverable because it a "contemporaneous incident report". It is necessary for plaintiff to show more than the mere contemporaneousness of the requested statements. The rule specifically states that work product materials are discoverable only upon a showing that the party requesting production is unable without undue hardship to obtain the substantial equivalent of the requested materials. A mere allegation that the statements are contemporaneous does not satisfy this requirement. Fontaine v. Sunflower Beef Carrier, Inc., 87 F.R.D. 89, 30 Fed.R.Serv.2d 1573, 7 Fed. R. Evid. Serv. 957, (D.C.Mo., 1980).

Furthermore, it has not been shown that the statement was contemporaneous as the witness did not recall when he gave the statement. Even if it was contemporaneous, the statement is still not discoverable. In <u>Fontaine</u>, the Court denied plaintiff's request for discovery of a driver's statements made to his insurer on the day of the accident. The court further held that "The requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side." Mr. O'Halloran has not made the special showing required to demonstrate both a special need and an undue hardship in obtaining the statement. The Rule requires that a party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Clearly, Mr. O'Halloran has not done so.

For the reasons set forth above, it is respectfully requested that plaintiff's request for production of defendant's statement to his own insurance company be denied in all respects.

> Very truly yours,
>
> Stockschlaeder, McDonald & Sules P.C.
>
> By: _____
> Richard T. Sules
> A Member Of The Firm

RTS:jlh
cc:  The Law Office of Thomas J. Lavin
     Attorney for Plaintiff
     2980 Bruckner Boulevard
     Bronx, New York 10465

   Murphy & Higgins, LLP
   Attorneys for Defendant Sean Carroll
   One Radisson Plaza, 9th Floor
   New Rochelle, New York 10801

   Wilson, Bave, Conboy, Cozza & Couzens, P.C.
   Attorney for Ryder Truck Rental
   Two William Street
   White Plains, NY 10601

3

Exhibit A

25

```
1                    Mathews
2     A.   No, I didn't.
3     Q.   As a result of this accident, did you ever
4  fill out any statements, written statements, to any
5  insurance carrier or anybody else describing how the
6  accident happened?
7     A.   For the purposes of the claim?
8     Q.   Exactly, right.
9     A.   I filled out papers to State Farm.
10    Q.   What exactly did you fill out?  Did you
11 describe what happened?
12    A.   Yes.
13    Q.   When did you do that after the accident?
14 How soon after the accident?
15    A.   I don't remember.
16    Q.   Did you write it in your own handwriting?
17    A.   I think I did.
18    Q.   Did you keep a copy of that at home in
19 your file?  Do you have a file because of this
20 accident?
21    A.   No, I didn't keep a copy.
22    Q.   Do you recall when you filled that report
23 out, who did you give it to?
24    A.   I think I sent it to the company.
25    Q.   Did you happen to review that before you
```