# Thomas J. Lavin
*Attorney at Law*

**2980 Bruckner Boulevard**
**Bronx, New York 10465**
**Tel. (718) 829-7400**
**Fax (718) 829-7356**

July 8, 2008

Honorable Sidney H. Stein
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Carroll v. Matthews
             Docket Number: 07CIV9589
             Grace v. Matthews
             Docket Number: 08CIV1889

Dear Honorable Stein:

      The Plaintiff, Carroll, has requested that the Defendant, Matthews, provide a copy of an incident report that Matthews prepared shortly after the accident. The report was prepared before litigation was commenced and the report was forwarded to Mr. Matthew's insurance broker. The Defendant has declined to provide this incident report claiming that the report was prepared in anticipation of litigation and is therefore not discoverable under FRCP Rule 26 (b)(3)(A). A copy of this correspondence is annexed hereto as Exhibit "A."

      It is the Plaintiff's position that this report was not prepared in anticipation of litigation. The Court should conduct an In Camera review of the incident report and the circumstances surrounding the production of this incident report to evaluate whether the report was prepared in anticipation of litigation.

## LEGAL ANALYSIS:

      The rule under both New York Law and the Federal Rules of Civil Procedure is that materials prepared by non-attorneys in anticipation of litigation, such as an incident report, is immune from discovery only where the material is prepared **exclusively** and in specific response to **imminent** litigation. The mere contingency that litigation may result does not give rise to the immunity. An investigative report prepared at the request of an insurance company is discoverable if the party seeking immunity has failed to show that the primary motivating purpose behind the report was to

aid the insurance company in litigation. An insurance company's routine investigation of a claim is not sufficient to immunize the report prepared in the ordinary course of the insurance company's business. The evaluation of claims of its policyholders is the regular, ordinary and principal business of an insurance company. Accordingly, it can hardly be said that the evaluation of a routine claim for a policyholder is undertaken in anticipation of litigation. Again, the burden of proving that an accident report was prepared exclusively and in direct anticipation of imminent litigation, and not in the regular course of business, is on the resisting party. See **Snyder v. Winter, et al.**, 159 F.R.D. 14 (W.D.N.Y. 1994); **Fustok v. Conticommodity Services**, 106 F.R.D. 590 (S.D.N.Y. 1985); **Willis v. Westin Hotel Company**, 1987 U.S. Dist. Lexis 524 (S. D. N.Y. 1987).

Even if a Court concluded that the statement to an insurance adjuster was work product, the statement is still discoverable if that statement contained valuable impeaching material and the Plaintiff showed a substantial need for that work product. **Suggs v. Whitaker**, 152 F.R.D. 501 (M.D.N.C. 1993). Work product protection should be narrowly construed consistent with its propose since it may hinder investigation into true facts. The defendant in the Carroll case claimed in his deposition that he may have blacked out before the impact. Plaintiff should be entitled to obtain the incident report which was prepared immediately after the accident by the defendant. This contemporaneous incident report could provide the plaintiff with fertile impeachment material and the defendant should not be allowed to hide behind F.R.C.P. Rule 26(b)(3)(A) to thwart the pursuit of the truth.

In **Lee v. Head**, 48 F.R.D. 303 (N.D.G.A. 1969), the Court ordered the Defendant to turn over all written statements which were given by the Defendant to the insurance company or its agents immediately following the accident and which described the accident or any facts bearing on the case, and all written reports made by any insurance adjusters or accident investigators concerning or based on such statements.

In conclusion, it is Plaintiff's position that the incident report prepared by the Defendant immediately after the accident should be discoverable. There is no indication that this incident report was prepared exclusively in anticipation of imminent litigation. Even if the Court concluded after an In Camera Inspection that the report was prepared exclusively in anticipation of litigation, it is still discoverable where the incident report provides information which is later contradicted by subsequent deposition testimony of the defendant and thus provides valuable impeachment material which the Plaintiff is otherwise unable to obtain.

Respectfully Submitted,

THE LAW OFFICE OF THOMAS J. LAVIN

By: *[signature]*

John O'Halloran, Esq. (JO-8715)
Attorneys for Plaintiff
SEAN CARROLL
2980 Bruckner Boulevard
Bronx, NY 10465
(718) 829-7400
File Number: 02-328

Cc: Richard T. Sules, Esq.
Stockschlaeder, McDonald & Sules, P.C.
Attorneys for Defendant/Abraham Mathews
161 Williams Street 19th Floor
New York, New York 10038

Dan Schiavetta, Jr., Esq.
Murphy & Higgins, LLP
Attorneys for Defendant/Sean Carroll
Corporate Tower
One Radisson Plaza
New Rochelle, New York 10801

James Badie, Esq.
Attorneys for Plaintiff/Kevin Grace
660 White Plains Road, Suite 615
Tarrytown, New York 10591